Glenn S. Hackett, Esq. County Attorney, Niagara
You have asked whether a city building inspector may also serve as a member of the county planning board.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
County planning agencies review proposed zoning and planning actions by cities, towns and villages within the county in order to coordinate zoning and planning on a county-wide basis (General Municipal Law, §239-l). Specifically, each municipal agency having jurisdiction to adopt or amend zoning regulations, approve site plans, issue special permits or grant variances is required, prior to taking final action, to refer certain of these matters to the county planning commission (id., § 239-m). If the county planning agency disapproves the proposal or recommends modifications, the municipal agency having jurisdiction may not act contrary to this disapproval or recommendation except by vote of a majority plus one of its members (ibid.).
Generally, it is the responsibility of the building inspector to ensure that provisions of the building and zoning laws have been met and that all necessary approvals have been acquired.
Neither of these positions is subordinate to the other. In our view, the duties of the two positions are consistent. The city building inspector has no authority to review determinations by the county planning board with respect to matters referred to it by the city. The building inspector has responsibility to ensure that all persons seeking building permits have received necessary approvals and have complied with provisions of the building and zoning laws.
We conclude that the positions of city building inspector and member of the county planning board are compatible.